J.A22039/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHARLES DAVIS III, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARTFORD FIRE INSURANCE COMPANY, | : | |
| | : | |
| | : | No. 2274 MDA 2013 |

Appeal from the Order Entered November 25, 2013
In the Court of Common Pleas of Luzerne County
Civil Division No(s).: 14077-2005

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 30, 2014**

Appellant, Charles David, III, takes this counseled appeal from the order entered in the Luzerne County Court of Common Pleas, denying his "Petition to Modify Underinsured Arbitration Award." We agree with the trial court that it lacked jurisdiction under 42 Pa.C.S. § 5505 to hear the petition, filed five years after a prior order modified the arbitration award. Accordingly, we affirm.

The procedural history of this car accident case is protracted; "the accident in question has resulted in court filings to no less than three interrelated docket numbers." Trial Ct. Op., 1/30/14, at 1. On September

---

[*] Former Justice specially assigned to the Superior Court.

9, 2005, Appellant, was driving a car in the course of his employment with Keystone Automotive Operations, Inc. ("Keystone"), was in a motor vehicle accident, and allegedly suffered injuries. The car was owned by Keystone.[1] Appellee, Hartford Fire Insurance Company ("Hartford"), insured Keystone.

In December of 2005, at the instant trial docket, 14077-2005, Appellant filed a praecipe for a writ of summons and petition to appoint an arbitrator. The Honorable Joseph F. Sklarosky, Jr., presided over the instant matter. In October of 2007, an arbitration panel awarded $2,930,150 to Appellant. Hartford filed an application to modify the award, arguing there was a dispute as to whether Keystone's policy had UIM coverage, and in the alternative that any policy had UIM limits of $2 million. The arbitration panel denied the application.

Meanwhile, in March of 2007, Hartford filed a declaratory judgment action under a different docket, 2822-2007, seeking a declaration that Appellant could not recover under Keystone's policy. The trial court informs us that this case is still pending in Luzerne County. Trial Ct. Op. at 2 n.4.

Hartford then filed, under a third docket, 13910-2007, a petition to vacate or modify the arbitration award. On February 8, 2008, the Honorable Hugh Mundy granted Hartford's petition and reduced the award to $2 million. **Appellant took no action and did not file an appeal.**

---

[1] Keystone has filed an *amicus curiae* brief in this appeal.

Five years and seven months later, on September 4, 2013, Appellant filed the instant "Petition to Modify Underinsured Arbitration Award," under the instant docket, #14077. The petition averred the following. In May 2012, Appellant served under the second docket, #2822, a request on Hartford for "copies of any excess insurance policies issued to Keystone." Appellant's Petit. to Modify Underinsured Arbitration Award, 9/4/13, at ¶ 15. In June 2012, Appellant received declaration pages for the following excess insurance coverage:

| | |
|---|---|
| Fireman's Fund | $25 million |
| CNA | $20 million |
| St. Paul's Traveler | $5 million |

*Id.* at ¶ 16. The petition then averred, "Clearly, Hartford has been in possession of documents which showed that these excess and umbrella policies of insurance by 'following the form' of the underlying insurance would be available benefits in excess of the $2,000,000.00 limit owed by Hartford." *Id.* at ¶ 17. Appellant requested the instant trial court to modify Judge Mundy's 2008 order and reinstate the original award of $2,930,150 with 6% interest.

Hartford filed a response, arguing, *inter alia*: (1) the trial court lacked jurisdiction to hear Appellant's petition under 42 Pa.C.S. § 5505 and § 7314; (2) the coordinate jurisdiction rule prevented the trial court from modifying Judge Mundy's order; and (3) Hartford was not aware of the existence of additional excess insurance policies until discovery in docket #2822; and (4)

Hartford had no duty to Appellant to determine whether other insurance companies issued policies to his employer, Keystone.

The trial court held a hearing on November 18, 2013, and denied Appellant's petition on November 27th.[2] It reasoned the only relief requested was modification of Judge Mundy's February 8, 2008 order, and the court lacked jurisdiction under Section 5505. Appellant took this timely appeal.[3]

For ease of disposition, we first set forth the relevant law and the trial court's reasoning. Section 5505 of the Judicial Code, "Modification of orders," states: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order **within 30 days** after its entry, notwithstanding the prior termination of any term of court, if

---

[2] While the text of the order stated that it was entered November 25, 2013, the filing stamp on the order bears the date of November 27th, and a handwritten note on the order states, "Copies mailed 11-27-13." Order, 11/27/13.

[3] On December 23, 2013, the trial court directed Appellant to "file of **record**" a Pa.R.A.P. 1925(b) statement within twenty-one days. Order, 12/23/13 (emphasis in original). The trial court opinion states that Appellant mailed a 1925(b) statement to the trial judge on or about January 6, 2014, but the statement was not time-stamped by the Prothonotary and not entered on the docket. There is no 1925(b) statement in the certified record.

However, unlike other orders filed in this matter, the 1925(b) order does not bear a handwritten note that copies were mailed, and the corresponding docket entry likewise does not indicate the date and manner of service on the parties. Accordingly, we decline to find waiver for Appellant's failure to file a 1925(b) statement with the court. **See In re L.M.**, 923 A.2d 505, 509-10 (Pa. Super. 2007).

no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505

(emphasis added). Section 5504, "Judicial extension of time," provides:

> **(a) General rule.**—Except as provided in section 1722 (c) (relating to time limitations) or in subsection (b) of this section, the time limited by this chapter shall not be extended by order, rule or otherwise.
>
> **(b) Fraud.**—The time limited by this chapter may be extended to relieve fraud or its equivalent, but there shall be no extension of time as a matter of indulgence or with respect to any criminal proceeding.

42 Pa.C.S. § 5504.

This Court has explained:

> Pursuant to 42 Pa.C.S.A. § 5505 . . . the trial court's broad discretion to modify its orders ceases thirty days after the entry of an order, and thereafter the trial court may exercise discretion to modify an order only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of "extraordinary cause justifying intervention by the court." After the initial thirty-day period, a trial court may modify an order only to correct a clerical error or other formal error which is clear on the face of the record and which does not require an exercise of discretion.

***ISN Bank v. Rajaratnam***, 83 A.3d 170, 172-73 (Pa. Super. 2013)

(citations omitted). Pennsylvania Rule of Civil Procedure 1019(b) requires,

"Averments of fraud or mistake shall be averred with particularity."

Pa.R.C.P. 1019(b).

> To establish a *prima facie* case of fraud, a plaintiff must show:
>
> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with

> knowledge of its falsity or recklessness as to whether
> it is true or false; (4) with the intent of misleading
> another into relying on it; (5) justifiable reliance on
> the misrepresentation; and (6) the resulting injury
> was proximately caused by the reliance.

***Kostryckyj v. Pentron Lab. Techs., LLC***, 52 A.3d 333, 338 (Pa. Super. 2012) (citation omitted).

In the case *sub judice*, the trial court reasoned the following. Although Appellant captioned his September 4, 2013, petition as one "to modify an underinsured arbitration award, a review of the pleading, prayer for relief, and record demonstrates [he] seeks an order modifying Judge Mundy's" February 8, 2008 order. Trial Ct. Op. at 1 n.1, 3. Furthermore, while Appellant argued the trial court could modify Judge Mundy's order pursuant to Section 5505, Appellant fail to consider Section 5504, "which specifically limits the Court's authority with respect to time limited by [Section 5505], **absent fraud or its equivalent.**[ ]" ***Id.*** at 4-5 (emphasis in original). Appellant's petition "fail[ed] to aver elements of fraud or its equivalent" and

> offer[ed] no averment[s] that set forth sufficient facts to
> conclude Hartford made a material misrepresentation to
> anyone, including Judge Mundy. [Appellant] simply offers
> his opinion in paragraph 17 that Hartford " . . . had been in
> possession of documents which showed the excess policies
> . . . " without reference to time, place, person, any
> particular document, or reason why Hartford was or would
> have been in possession of the excess policy information,
> where the policies at issue were not otherwise
> underwritten by Hartford.

***Id.*** at 6. The trial court further found that Appellant "fail[ed] to plead any averment[s] or produce any evidence demonstrating the 'grave and

compelling circumstances' required to meet the threshold." *Id.*

In the instant appeal, Appellant presents one issue for our review: whether "the trial court abused its discretion in refusing to modify the underinsured motorist arbitration award." Appellant's Brief at 4. He avers the court "erred by holding [his] request for relief was based upon a theory of fraud and that only evidence of fraud could suffice to modify Judge Mundy's Order[.]" *Id.* at 12. Appellant contends the basis for his petition was not fraud, but instead was "the mistaken belief that the UIM coverage was limited to two million dollars[.]" *Id.* He then reasons that the trial court had broad discretion to modify or rescind the prior order under Section 5505. In support, Appellant asserts extraordinary circumstances justified modification of the order: again, Judge Mundy's acceptance of Hartford's representation that coverage was limited to $2 million. We find no relief is due.

A careful review of Appellant's argument reveals a misunderstanding of not only the applicable law, but also of the trial court's opinion. The trial court did not proceed on a premise that he was alleging fraud; indeed, the crux of the court's analysis was that Appellant **failed to** aver fraud. We agree with the court's cogent reasoning that because Appellant failed to aver fraud or other extraordinary cause under Section 5504, the court could not extend the thirty-day period set forth in Section Section 5505. *See* 42 Pa.C.S. §§ 5504, 5505; *ISN Bank*, 83 A.3d at 172-73. Appellant does not

deny that he did not aver fraud. Again, he emphasizes on appeal that he did not.

Furthermore, we reject Appellant's rationale that Judge Mundy's acceptance of Hartford's representation that coverage was limited to $2 million was an "extraordinary justification," where the court had a "mistaken and honest belief as to the extent of available insurance coverage." ***See*** Appellant's Brief at 14. As stated above, one of the contested issues in this matter was the amount of UIM coverage in Keystone's policy with Hartford. Finally, where the trial court properly noted that the three additional insurance policies were issued "by insurers **other than Hartford**," we note that Appellant petition to modify failed to explain why the existence of other insurance companies' policies rendered Hartford liable for additional payment. ***See*** Trial Ct. Op. at 3 (emphasis in original).

Appellant has presented no meritorious claim for relief, and we affirm the order denying his petition on the ground that the court lacked jurisdiction under Section 5505 to modify a five-year old order issued under another docket.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary
Date: 9/30/2014

- 8 -